HINZMAN L. ROHRBAUGH

*v.*

PAUL CRABTREE, *Administrative Director, etc.*

(No. 14696)

Decided June 4, 1980.

---

*Morton & Blyler and Ernest V. Morton, Jr.*, for petitioner.

*Chauncey H. Browning*, Attorney General, *Richard L. Earles*, Assistant Attorney General, for respondent.

CAPLAN, JUSTICE:

In this original proceeding in mandamus, the petitioner, Hinzman Rohrbaugh, a retired probation officer, seeks a two-year back recovery under the West Virginia Wage and Hour Law for overtime hours worked and unused vacation and sick leave. For the reasons stated, we deny the writ.

The West Virginia Wage and Hour Law, *W.Va. Code*, 1931, 21-5C-1 et seq., as amended, provides that all employees covered by the Act shall be paid for work exceeding 42 hours per week at a rate of not less than one and one-half times the regular rate at which they are employed. *W.Va. Code*, 1931, 21-5C-3, as amended. The Act includes the State of West Virginia, its agencies, departments and all of its political subdivisions in its definition of employer and defines employee as:

> (f) "Employee" includes any individual employed by an employer but shall not include: (1) Any individual employed by the United States; (2) any individual engaged in the activities of an educational, charitable, religious, fraternal or nonprofit organization where the employer-employee relationship does not in fact exist, or where the services rendered to such organizations are on a voluntary basis; (3) newsboys, shoeshine boys, golf caddies, pin boys and pin

chasers in bowling lanes; (4) traveling salesmen and outside salesmen; (5) service performed by an individual in the employ of his parent, son, daughter or spouse; (6) any individual employed in a bona fide professional, executive or administrative capacity; (7) any person whose employment is for the purpose of on-the-job training; (8) any person having a physical or mental handicap so severe as to prevent his employment or employment training in any training or employment facility other than a nonprofit sheltered workshop; (9) any individual employed in a boys or girls summer camp; (10) any person sixty-two years of age or over who receives old-age or survivors benefits from the social security administration; (11) any individual employed in agriculture as the word agriculture is defined in the Fair Labor Standards Act of 1938, as amended; (12) any individual employed as a fire fighter by the State or agency thereof; (13) ushers in theaters; (14) any individual employed on a part-time basis who is a student in any recognized school or college; (15) any individual employed by a local or interurban motorbus carrier; (16) so far as the maximum hours and overtime compensation provisions of this article are concerned, any salesman, partsman or mechanic primarily engaged in selling or servicing automobiles, trailers, trucks, farm implements, or aircraft if employed by a nonmanufacturing establishment primarily engaged in the business of selling such vehicles to ultimate purchasers; (17) any employee with respect to whom the United States Department of Transportation has statutory authority to establish qualifications and maximum hours of service.

*W.Va. Code*, 1931, 21-5C-1(f), as amended.

*W. Va. Code*, 1931, 21-5C-8, as amended, provides that any person covered by the Act whose wages have not been paid in accordance with the requirements thereof may bring any legal action necessary to collect the amount alleged to be due. The amount recoverable is limited to unpaid wages which should have been paid by

the employer within two years next preceding the commencement of the action.

Hinzman Rohrbaugh was employed as an adult probation officer in the Fourteenth Judicial Circuit from September 2, 1952 until his retirement on June 31, 1979. Upon the effective date of the Judicial Reorganization Amendment probation officers came within the West Virginia Judicial Personnel System. Mr. Rohrbaugh was classified as a Probation Officer I. As a retired state judicial employee, he contends that he is eligible for overtime, unused sick leave and vacation pay in accordance with the pertinent provisions of the Wage and Hour Act. It is initially noted that the Act makes no mention of compensation for unused sick leave or vacation time. The inquiry, therefore, is whether or not Mr. Rohrbaugh is entitled to back pay for overtime hours.

The Act states with specificity those occupations excluded from coverage and also excludes "any individual employed in a bona fide professional, executive or administrative capacity". (Code 21-5C-1(f)(6)). Since probation officers are not specifically excluded from coverage, our inquiry focuses on whether or not that position is "professional, executive or administrative and thus outside the scope of the Wage and Hour Law.

The West Virginia Minimum Wage and Maximum Hours Standards Regulations, promulgated by the West Virginia Department of Labor (June 21, 1976) provides:

301-6 PROFESSIONAL, ADMINISTRATIVE or EXECUTIVE EMPLOYEE
Any individual employed in a bona fide professional, executive or administrative capacity shall be recorded as exempt if he fulfills the duties of such capacities ...

Therein, a professional employee is defined as:

(a) A professional employee is an individual whose primary duty consists of the performance of work:
(1) Requiring knowledge of an advanced type in a field of science or learning customarily acquired

by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education and from an apprenticeship, and from training in the performance of routine mental, manual or physical processes, or
(2) Original and creative in character in a recognized field of artistic endeavor (as opposed to work which can be produced by a person endowed with general manual or intellectual ability and training) and the result of which depends primarily on the invention, imagination, or talent of the employee; and
(3) Whose work requires the consistent exercise of discretion and judgment in its performance; and
(4) Whose work is predominantly intellectual and varied in character (as opposed to routine mental, manual, mechanical, or physical work) and is of such a character that the output produced or the result accomplished cannot be standardized in a given period of time.

In *State ex rel. Crosier v. Callaghan,* ____ W.Va. ____, 236 S.E.2d 321 (1977) we compared the above standards with the powers and duties of the job and the requirements for professional education or experience in determining whether or not conservation officers were entitled to back pay for overtime hours. Finding that there are absolutely no requirements for professional education or experience, and that the position is not executive or administrative, we held that conservation officers employed by the Department of Natural Resources of the State are employees entitled to the protection and benefits of the Act.

*W.Va. Code,* 1931, 62-12-6 and 7, as amended, sets forth the powers and duties of probation officers:

§ 62-12-6 POWERS AND DUTIES OF PROBATION OFFICERS.
Each probation officer shall investigate all cases referred to him for investigation by the court and shall report in writing thereon. He shall furnish to each person released on probation under

his supervision a written statement of the conditions of his probation together with a copy of the rules and regulations prescribed by the court for the supervision of probationers. He shall keep himself informed concerning the conduct and condition of those under his supervision and shall report thereon in writing as often as the court may require. He shall use all practicable and sutiable methods to aid and encourage them and to bring about improvement in their conduct and condition. He shall keep detailed records of his work, shall keep accurate and complete accounts of and give receipts for all money collected from persons under his supervision, and shall pay over the money to such person as the court may designate. He shall give bond with good security, to be approved by the court, in a penalty of not less than one thousand nor more than three thousand dollars, as the court may determine. He shall also perform such other duties as the court may require. He shall have authority with or without an order or warrant, to arrest any probationer." (1939, c. 27, § 6; 1975, c. 126)

§ 62-12-7. PRELIMINARY INVESTIGATION; REPORT ON PROSPECTIVE PROBATIONERS. When directed by the court, the probation officer shall make a careful investigation of, and a written report with recommendations concerning, any prospective probationer. Insofar as practicable this report shall include information concerning the offender's court and criminal record, occupation, family background, education, habits and associations, mental and physcial condition, the names, relationship, ages and condition of those dependent upon him for support, and such other facts as may aid the court in determining the propriety and conditions of his release on probation. No person convicted of felony shall be released on probation until this report shall have been presented to and considered by the court. The court may in its discretion request such a report concerning any person convicted of a misdemeanor. A copy of all reports shall be filed

with the board of probation and parole. (1939, c. 27, § 7.)

The West Virginia Judicial Personnel System, Policy and Procedures Manual (July 1, 1976) defines the office of Probation Officer I as "professional probation work in providing casework services to adult and/or juvenile probationers" and sets forth that graduation from a four-year college with a degree in social work, psychology or a related social field is the desirable education for the job. Included in the list of desirable abilities and skills for the position are: knowledge of principles of probation work and related court procedures; knowledge of State laws affecting probation work; knowledge of individual and group behavior; knowledge of local community structure and resources; ability to collect and analyze investigative materials; ability to work within the community setting utilizing available resources; and ability to maintain records and make oral and written reports.

Labor Regulation 301-6 provides that a professional employee is one whose primary duty consists of work requiring advanced knowledge in a field customarily acquired by a prolonged course of specialized study. It is also therein provided that a professional employee is one "whose work requires the consistent exercise of discretion and judgment in its performance; and ... is predominantly intellectual and varied in character (as opposed to routine mental, manual, mechanical or physcial work) and is of such a character that the output produced or the result accomplished cannot be standardized in a given period of time".

Clearly, the work of a probation officer requires the exercise of discretion and judgment in its performance, is varied in character, and cannot be standardized. A Probation Officer I is required to provide individual supervision and particular services for the individual needs and circumstances of each probationer. In so providing, he must interview the clients, their families and others to determine the problems and must have knowledge of community resources available to aid the partic-

ular individual's situation. This calls for the ability to effectively analyze individual behavior and also for knowledge of the community structure. The job requires the ability to investigate and analyze investigative materials. The result accomplished certainly cannot be standardized. A probation officer works with people in need of social and personal services. Each case is different and calls for independent evaluation.

It is set out in the Policy and Procedures Manual alluded to above that the desirable education for a Probation Officer I is graduation from a four-year college with a degree in social work, psychology, or a related social field. The American Bar Association standards, relating to probation, recommend that the educational and occupational requirements for probation officers be a bachelor's degree supplemented by a year of graduate study in social work, corrections, counseling, law, criminology, psychology, sociology or related fields, or a year of full-time casework, counseling, community or group work experience in an agency dealing with offenders or disadvantaged persons. It is suggested that the core of any probation department should be professionally educated and trained personnel, with a significant number having graduate degrees in one of the subjects enumerated above.

Considering the State Department of Labor's regulation defining professional employees, together with the job requirements of Probation Officer I contained in the Policy and Procedures Manual and the desired educational requirements described above, we conclude that the petitioner was employed in a professional capacity. Being a professional employee, he is excluded from coverage under the Wage and Hour Law and the relief sought must be denied.

*Writ denied.*