PER CURIAM:
This case was brought to recover monetary compensation for nonpaid accrued compensatory time. The following facts are stipulated by the parties.
Charles E. Roberts, Jr. was employed as a Utility Engineer I by the Public Service Commission (PSC) from May 4, 1987 through June 30, 1989, at which time he resigned his employment. Mr. Roberts performed work as a professional engineer for the PSC in the County Plan Section which involved preparation of studies concerning state public service districts. In order to complete the work on the schedule established by Mr. Robert’s supervisor, he was required to work in excess of the prescribed working hours. The normal work week for the PSC employees is thirty-five (35) hours. At the time of his employment, Mr. Roberts was paid a salary of $28,896.00 per year. Mr. Roberts received various pay increases during his employment; at the time of his resignation, he earned $30,940.80 per year.
*133 At the time of his resignation, Mr. Roberts had accrued over eight hundred (800) hours of compensatory time which he was unable to use and for which he was not paid. The only
written policy from the Public Service Commission which prohibited monetary compensation for compensatory time accumulated by salaried professionals is a Memorandum dated March 9, 1990.
The West Virginia Division of Personnel Regulation 16.07 provides that the PSC “may require an employee to work in excess of the prescribed working hours or on holidays when such work is deemed necessary to the public interest. ” Compensation for such work is to be made in accordance with the Fair Labor Standards Act of 1986.
The central issue before this Court in this matter is whether the claimant is eligible for payment for the unused compensatory time he accrued while employed by the respondent. This claim was brought pursuant to the provisions of the West Virginia Code, Chapter 21, Article 5C, Section 1, et.seq., titled Minimum Wage and Maximum Hours-Standards For Employees, and is more commonly known as the West Virginia Wage and Hour Act. The Court must hold as a matter of law that the rights and remedies of the State Wage and Hour Provisions relied upon by the claimant and asserted in his Notice of Claim at paragraph 3 are not applicable to the claimant’s action, since it is uncontroverted that the claimant is a professional employee, a professional engineer, and is thereby excluded from the provisions of this legislation. W.Va. Code §21-5C-1(f)(5) precludes by definition “any individual employed in a bona fide professional, executive or administrative capacity” from the provisions of W.Va. Code §21-5C-l(e). In Interpreting and applying the State Wage and Hour Provisions, §21-5C-l(f)(e) must be considered together (pari materia) with §21-5C-l(f)(6). It is not sufficient for the claimant to assert that the respondent is governed by the State Wage and Hour Act without reference to an exculpatory definition removing professional employees from same. Accordingly, in Rohrbaugh v. Crabtree, the W.Va. Supreme Court of Appeals affirmed that a “professional employee” is excluded from coverage under the State Wage and Hour Act. See 266 S.E.2d 914.
The Court recognizes that an underlying theory of the claimant’s case is founded upon an equitable estoppel argument. However, the essential elements of equitable estoppel as set out in District 17, District 29 v. Allied, et. al., 735 F.2d 121 (4th Cir., 1984), and enumerated below, have not been satisfied by the claimant’s case in chief sufficiently for the Court to invoke or fashion an equitable remedy:
(1) there must be conduct, acts, language or silence amounting to a representation or a concealment of material facts; (2) those facts must be known to the party estopped at the time of his conduct, or at least the circumstances must be such that knowledge of them is necessarily imputed to him; (3) the truth concerning those facts must be unknown to the other party claiming the benefit of the estoppel at the time when such conduct was done, and at the time when it was acted upon by him; (4) the conduct must be done with *134 expectation that it will be acted upon by the other party, or under such circumstances that it will be so acted upon; (5) the conduct must be relied upon by the other party, and thus relying, he must be lead to act upon it; (6) he must in fact act upon it in such a manner as to change his position for the worse.
The claimant’s equitable estoppel request is premised upon the belief that an agreement existed by and between the parties that the claimant’s work in excess of his customary seven hours per/day would be compensated with accumulated time off. However, it appears uncontroverted that both parties understood that the accumulated time off would not be monetarily paid. See Claimant’s Initial Brief at page 4. It was further understood that overtime was not available to the overtime was not available to the claimant as he was a professional salaried employee. See W.Va. code §21-5C-1 (f)(6). Accordingly, the accumulated time off was to be expended at some future date, and prior to the claimant’s departure or separation from respondent’s employment. The claimant voluntarily terminated his employment with the respondent without availing himself of the use of his accumulated time off. It therefore appears to this Court that the practice of accumulating time off was not misrepresented to the claimant, nor did the acts or conduct of the respondent serve to misguide or conceal the manner in which said time could be expended. It further appears to this Court that the claimant did not change his position for the worse in reliance upon the accumulation of the time off. Accordingly, the request for equitable estoppel has not been established and the claimant’s demand for said relief may not be granted.
The Court, however, finds that during the claimant’s employment by the respondent, a timely request was made on or about December 2, 1988, by the claimant for one week of vacation time beginning December 23, 1988, and ending December 30, 1988. The request was granted by the respondent, but was charged against annual leave, rather than the accumulated compensatory time. The Court is of the opinion to and does award to the claimant the sum of $520.80. This amount is calculated upon the claimant’s prevailing wage rate of $14.88 per/hour x five days of otherwise compensable annual leave. In arriving at this amount, the Court holds that the claimant’s accumulated compensatory time should have been charged for this period of vacation rather than his annual leave for which he would have been compensated upon his termination.
Accordingly, the Court makes an award in the amount of $520.80 to the claimant as a moral obligation of the State.
Award of $520.80.